302 F.2d 459
 112 U.S.App.D.C. 264
 UNITED STATES of America, Appellant,
v.
Nelson WOODSON, Appellee.
UNITED STATES of America, Appellant,
v.
Joseph HILL, Appellee.
UNITED STATES of America, Appellant,
v.
Warren S. GRUBER, Appellee.
UNITED STATES of America, Appellant,
v.
Joseph H. DECKMAN, Appellee.
UNITED STATES of America, Appellant, Jack A. RICHARDSON, Appellee.
UNITED STATES of America, Appellant,
v.
John CISSEL, Appellee.
 Nos. 16750, 16763-16767.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 19, 1962.
Decided April 27, 1962, As Amended June 1, 1962.
 
 Mr. Patrick M. Ryan, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Richard A. Solomon, Atty., Dept. of Justice, was on the brief, for appellant in each case. Mr. Irwin A. Seibel, Atty., Dept. of Justice, also entered an appearance for appellant in each case. Mr. Sidney Harris Atty., Dept. of Justice, also entered an appearance for appellant in No. 16,750.
 Mr. John J. Wilson, Washington, D.C., with whom Messrs. John J. Carmody and Charles J. Steele, Washington, D.C., were on the brief, for appellee in No. 16,750.
 Mr. Francis M. Shea, Washington, D.C., with whom Messrs. Richard T. Conway and William H. Dempsey, Jr., Washington, D.C., were on the brief, for appellee in No. 16,765.
 Mr. Francis J. Kelly, Washington, D.C., was on the brief for appellee in No. 16,763.
 Messrs. Paul F. Interdonato, Theodore Lombard and James T. Reilly, Washington, D.C., were on the brief for appellee in No. 16,764.
 Mr. Ellsworth T. Simpson, Washington, D.C., was on the brief for appellee on No. 16,766.
 Messrs. William F. Kelly, Richard H. Nicolaides and W.V.T. Justis, Washington, D.C., were on the brief for appellee in No. 16,767.
 Before WILBUR K. MILLER, Chief Judge, and BASTIAN and BURGER, Circuit judges.
 PER CURIAM.
 
 
 1
 An indictment charged that eight District of Columbia construction companies and six individuals had conspired to restrain trade, in violation of Section 3 of the Sherman Act, 15 U.S.C.A. 3. The individuals, who concededly had acted only as corporate officers, moved to dismiss as to them, and the District Court granted their motion, holding that corporate officers may not be indicted under Section 3 of the Sherman Act for acts done in their representative capacities and that, therefore, the indictment did not state an offense under the Sherman Act as to the individuals.
 
 
 2
 The Government argued that the charge against the individuals was nevertheless properly included because Section 14 of the Clayton Act, 15 U.S.C.A. 3, which was not mentioned in the indictment, makes their alleged acts criminal, even though Section 3 of the Sherman Act does not. In rejecting this contention, the District Court pointed out that such a construction of the indictment would result in dismissal because of duplicity. The Government appeals from the order dismissing the indictment as to the individuals.
 
 
 3
 The Government's right to appeal to this court from the dismissal of an indictment derives from the Criminal Appeals Act, 18 U.S.C. 3731, of which the following is pertinent:
 
 
 4
 'An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:
 
 
 5
 'From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or information is founded.
 
 
 6
 'An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:
 
 
 7
 'From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.'
 
 
 8
 In this case, it seems clear that the District Court's dismissal of the indictment as to the individuals was based upon a construction of Section 3 of the Sherman Act, upon which the indictment was founded. The trial judge construed that section as inapplicable to corporate officers as to acts done in their representative capacities, and so dismissed as to them. According to the plain provisions of the statute, the Government might appeal from such a judgment 'direct to the Supreme Court of the United States.' In such circumstances, an appeal to this court is not authorized or permitted.
 
 
 9
 It follows that these appeals must, under 18 U.S.C. 3731, be certified to the Supreme Court of the United States which has 'jurisdiction to hear and determine the case to the same extent as if an appeal had been taken directly to that court.'[1]
 
 
 10
 Case certified to the Supreme Court of the United States.
 
 
 
 [1]
 'If an appeal shall be taken pursuant to this section to any court of appeals, which, in the opinion of such court, should have been taken directly to the Supreme Court of the United States, such court shall certify the case to the Supreme Court of the United States, which shall thereupon have jurisdiction to hear and determine the case to the same extent as if an appeal had been taken directly to that Court. June 25, 1948, c. 645, 62 Stat. 844, amended May 24, 1949, c. 139, 58, 63 Stat. 97.' 18 U.S.C. 3731